**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ANDREW LEO LOPEZ,**

      Plaintiff,

vs.                                                                  No. **07cv650 WPJ/WDS**

**GERALDINE E. RIVERA,**
**DARREN WHITE, RAY PADILLA,**
**RAY PADILLA & ASSOCIATES,**
**LARRY GUTIERREZ, Individually**
**and in their official capacities,**
**LITTLE ANITA'S MEXICAN FOOD, INC.,**

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on: (i) Defendants Larry Gutierrez's, Little Anita's Mexican Food, Inc.'s (hereinafter "Little Anita's), Ray Padilla's, and Ray Padilla & Associates' Motion to Dismiss [Doc. 14]; (ii) Defendant Judge Geraldine E. Rivera's Motion to Dismiss [Doc. 15]; (iii) Defendant Sheriff Darren White's Motion to Dismiss [Doc. 16]; and (iv) Plaintiff Anthony Lopez's two Motions for Extensions of Time to File a Response to the motions to dismiss [Docs. 23, 26]. The Court will grant Lopez's motions for extensions of time to respond and has considered his responses to all motions. *See* Doc. 28. Because all of the claims in Lopez's complaint are barred by the applicable statutes of limitation, the Court will grant the motions to dismiss and dismiss the complaint.

**I. Applicable law.**

A motion to dismiss brought under Rule 12(b)(6) should be granted

if, viewing the well-pleaded factual allegations in the complaint as true and in the light

most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)). As we have explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (emphasis in original).

## II. Allegations in the complaint.

Lopez commenced this case *pro se* on July 9, 2007, alleging seven causes of action. Count I, brought pursuant to 42 U.S.C. § 1983, seeks monetary damages from Judge Rivera because she issued a bench warrant for Lopez's arrest after Lopez failed to respond to a motion to show cause and failed to comply with a discovery order in a state-court civil suit brought by Defendants Gutierrez and Little Anita's. *See* Doc. 1, ¶¶ 37, 40. After his arrest, Lopez apparently was released on a $5000 bond. *See id.* ¶¶ 40, 55. Defendant Padilla and his law firm represented Gutierrez and Little Anita's in the state-court suit. *See id.* ¶¶ 36, 37, 45.

Count II alleges that, when Lopez sent his attorney to the Clerk's office window to pay into the state-court registry an amount equal to the attorney's fees incurred in bringing the underlying motion to show cause, Judge Rivera "reinstat[ed] and prosecut[ed] the original order of incarceration," and "refus[ed Lopez's attorney's] tender of the fine." *Id.* ¶¶ 58-59. Defendant Sheriff White "rearrested and incarcerated" Lopez sometime before July 2. *Id.* at ¶ 61, ¶ 72 (stating that the events "took place over the Fourth of July holiday"[1]). Judge Rivera had Lopez brought before her

---

[1] The Court takes judicial notice that, in 2004, the 4th of July fell on Sunday and the state courts were closed for celebration of the holiday on Monday, July 5. Lopez appeared before

2

at a hearing and set a trial on the civil matter for July 6, 2004, and after the trial was over Lopez was released from jail that same day. *See id.* ¶¶ 65-68, 71. Lopez seeks monetary damages against Rivera for violation of § 1983. *See id.* ¶ 77.

Count III alleges "Malicious Abuse of Process" under § 1983 against Defendants Rivera and White, based on these same events. *See id.* ¶ 79. Count IV alleges a "[c]onspiracy" under § 1983 between Defendants Rivera and White to incarcerate Lopez and claims that the other Defendants also violated § 1983 by not preventing his incarceration. *See id.* ¶¶ 82, 86. Count V (erroneously again numbered as Count IV in the complaint) is entitled "Per Se Defamation" and alleges that Judge Rivera defamed Lopez by issuing the bench warrants and by incarcerating him; that Sheriff White defamed Lopez by "treat[ing] contempt as though it were a serious crime" and arresting him; that Padilla filed, and refused to withdraw, pleadings that allegedly defamed Lopez and led to his arrest; and that Gutierrez and Little Anita's are vicariously liable for Padilla's actions. *See id.* ¶¶ 89-93. Count VI (erroneously numbered as Count V in the complaint) alleges a state-law claim for "Intentional Infliction of Emotional Distress" by: Judge Rivera having incarcerated Lopez in a crowded facility and by berating him and stating that he was "on the lam" at hearings; Sheriff White publicizing that Lopez was "on the lam," posting "wanted" posters with Lopez's "mug shot," and offering a reward for knowledge related to Lopez's whereabouts through Crime Stoppers; and Padilla participating in a "sham trial." *See id*. ¶¶ 99-104. Finally, Count VII (erroneously numbered as Count VI in the

---

Judge Rivera before the trial was set for July 6, *see* Doc. 1 ¶¶ 65-67, which, therefore, must have occurred on or before Friday, July 2. While the Court does not accept or rely on unsworn statements made in a brief, in conjunction with their claim that Lopez's claims are barred by the applicable statutes of limitations, some of the Defendants allege, and Lopez does not deny, that Lopez's first arrest and incarceration occurred on June 16, 2004 and that he was released on June 18, 2004; and that his second arrest and incarceration occurred on June 28, 2004. *See* Defendants' Mot. to Dismiss, Doc. 14 at 2, ¶ 4.

complaint) alternatively alleges a state-law claim for "Prima Facie Tort" against all Defendants based upon Lopez's arrest and incarceration for civil contempt.  *See id.* ¶¶ 110-115.

## III.  Analysis.

### 1.  Claims brought under § 1983.

"The statute of limitations for § 1983 claims in New Mexico is three years." *Mondragon v. Thompson*, __ F.3d __, __, 2008 WL 624434, *2 (10th Cir. 2008).  "Federal law [] determines the date on which the claim accrues and the limitations period starts to run." *Id.* at *3.  While, generally, a "civil rights action accrues when facts that would support a cause of action are or should be apparent," *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotation marks omitted),

> a plaintiff who claims that the government has unconstitutionally imprisoned him has at least two potential constitutional claims.  "The initial seizure is governed by the Fourth Amendment, but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause." *Pierce v. Gilchrist*, 359 F.3d 1279, 1285-86 (10th Cir .2004).  If he has been imprisoned without legal process he has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment.  If he has been imprisoned pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution.  These torts are only analogies because § 1983 suits ultimately rest on the Constitution, not on state (or federal) common law. *Pierce*, 359 F.3d at 1285-88.
> . . . .
>
> Both Fourth Amendment claims and due process claims for unconstitutional imprisonment are subject to special federal rules of accrual.  As the Supreme Court explained in *Wallace*, the statute of limitations for a Fourth Amendment claim for false arrest or imprisonment "begin[s] to run . . . when the alleged false imprisonment ends." 127 S.Ct. at 1096 (internal quotation marks omitted).  The false imprisonment ends for these purposes either when the victim is released or when the victim's imprisonment becomes "pursuant to [legal] process-when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* (emphasis omitted).  Thus, either the date of release or the date of sufficient legal process starts the statute of limitations running for the Fourth Amendment claim.
>
> . . .

4

> [A] due process claim for malicious prosecution arises only once the original action, whatever form it has taken, has been terminated in favor of the plaintiff. Because the statute of limitations does not start running before the elements of a claim are satisfied, the statute of limitations for this due process claim cannot start until the plaintiff has achieved a favorable result in the original action.

*Mondragon*, __ F.3d at __, 2008 WL 624434, *3.

Here, Lopez was arrested and incarcerated pursuant to legal process -- a bench warrant that was issued after a motion for a show-cause order was filed in the civil suit. Lopez claims that the *process* was wrongful. His claims under § 1983 are, therefore, for violation of his due-process rights under the Fourteenth Amendment, and are analogous to malicious-prosecution claims. *See id.* Lopez's § 1983 claims, therefore, will not begin to accrue until he "has achieved a favorable result in the original action," *id.*, which, in this case, will be when the rulings that resulted in his arrest and incarceration are overturned or set aside by the state appellate courts. Premature § 1983 claims must be dismissed. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 559-60 (10th Cir. 1999) (holding that claims for malicious prosecution against arresting officers are barred in federal court as premature unless and until the underlying conviction is reversed in the plaintiff's favor). Lopez's Fourteenth-Amendment claims shall be dismissed without prejudice.

The Defendants all argued that Lopez's § 1983 claims accrued on the date of his last release – July 6, 2004. But that accrual date would be only for Fourth-Amendment claims for unlawful imprisonment or for an arrest *without a warrant*. *See Wallace v. Kato*, 127 S. Ct. 1091, 1096 (2007) (explaining that claims for false arrest that occurred without a warrant are analogous to, and accrue similarly to, claims for false imprisonment because imprisonment without any legal process occurs at the moment the individual is arrested and detained without a warrant). As discussed, *supra*, Lopez's complaint states facts alleging only Fourteenth-Amendment violations regarding his arrest

and imprisonment. But if the Court analyzed the violations as ones arising under the Fourth Amendment, Lopez's claims would be barred as untimely filed. A claim for false arrest and imprisonment under the Fourth Amendment accrues "when legal process was initiated against [the prisoner] and the statute would have begun to run from that date." *Id.* In *Wallace*, the prisoner was arrested without a warrant, so the statute of limitations on his § 1983 claim for false arrest accrued when he "appeared before the examining magistrate and was bound over for trial." *Id.* at 1097. Here, because Lopez was arrested with a warrant, "legal process was initiated" against him on the dates of his arrests, which both occurred (using only the facts alleged in the complaint) before the July 4th holiday weekend; *i.e.* on or before July 2, 2004. Even if the Court did not consider the warrants to be "legal process" sufficient to start the running of the statute of limitations, at the very latest the statute of limitations began to run when Lopez appeared at the hearing before Judge Rivera where she set the date for the civil trial, which also occurred no later than July 2, 2004.

As mentioned, *supra*, the statute of limitations for § 1983 actions in New Mexico is three years, which "is drawn from [New Mexico's] personal-injury statute." *Mondragon*, 2008 WL 624434 at *3. New Mexico's personal-injury statute provides that "[a]ctions must be brought . . . for an injury to the person or reputation of any person, *within* three years." N.M.S.A. 1987, § 37-1-8 (italics added). The Tenth Circuit has noted that, generally "when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act, . . . even when the intervening period includes the extra leap-year day." *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (internal quotation marks omitted). Here, the third anniversary date of the accrual of Lopez's Fourth-Amendment claim for false arrest/imprisonment (if any), using the latest possible arrest or appearance date as the accrual date, is July 2, 2007. Because Lopez's complaint

6

was not filed until July 9, 2007, it was untimely filed and any Fourth-Amendment claims would be barred against all Defendants.

**2. State-law claims.**

Lopez's state-law claims for malicious prosecution, intentional infliction of emotional distress, and prima facie tort are likewise barred. Insofar as these claims are against the public employees (Judge Rivera and Sheriff White) and immunity has been waived by the New Mexico Tort Claims Act, they are barred by that Act's two-year statute of limitations, which provides that "actions against a . . . public employee for torts shall be forever barred unless such action is commenced within two years after the date of occurrence resulting in loss . . . ." N.M.S.A. 1978, § 41-4-15; *see Sam v. Sam*, 134 P.3d 761, 763 (N.M. 2006).

Insofar as the defamation and infliction-of-emotional-distress claims are against Padilla (and his clients or law firm under the doctrine of respondeat superior) for having filed, and refusing to withdraw, motions that allegedly defamed Lopez and led to his arrest, those actions occurred before July 2, 2004, and, therefore, are barred by the three-year statute of limitations for personal injuries.

As to Lopez's contention that he has a claim for prima facie tort against Padilla for having participated in what Lopez characterizes as a "sham trial," that claim accrued, at the latest, on July 6, 2004, the date of the trial, so his complaint had to be filed by July 6, 2007 in order to be filed "*within* three years" of his alleged injury. *See Hurst*, 322 F.3d at 1260; *cf. Inv. Co. of the S.W. v. Reese*, 875 P.2d 1086, 1087-88 (N.M. 1994) (holding that, because N.M.S.A. 1978, § 37-1-3 allows actions brought "within six years" of default of loan, which occurred on June 15, 1985, the date of June 15, 1991 marked the end of the period for filing suit under that statute of limitations); *Dutton v. McKinley County Bd. of Comm'rs*, 822 P.2d 1134, 1136 (N.M. Ct. App. 1991) (holding that,

because the "[p]laintiff was injured on February 20, 1986 [and] February 20, 1988 fell on a Saturday," and the applicable statute of limitations required filing suit "within two years of the occurrence," filing the suit the following Monday was proper because other New Mexico rules allowed for filing on Mondays if the statute of limitations ended on a weekend); *Bolden v. Village of Corrales*, 809 P.2d 635, 636 (N.M. Ct. App. 1990) (holding that, because the "plaintiff suffered an injury on December 6, 1987" and the applicable statute required suit to be filed within two years of the incident, "[t]he statute of limitations ran on December 6, 1989 [and t]he filing of plaintiff's complaint on December 7, 1989, did not comply with the two-year statute of limitations"), *abrogation on other grounds recognized by Maestas v. Zager*, 152 P.3d 141 (N.M. 2007); *and see Bassham v. Owens-Corning Fiber Glass Corp.*, 327 F. Supp. 1007, 1009 (D.N.M. 1971) (holding, in personal-injury suit, that "any exposure [to harmful substance] which occurred more than three years before the filing of the action, would be barred by the [three-year] statute of limitations). The Court takes judicial notice of the fact that July 6, 2007 fell on a Friday, thus Lopez's filing on July 9 was untimely[2]. All of Lopez's state-law claims are barred by the applicable statutes of limitations and must be dismissed.

**IT IS ORDERED** that Defendants Larry Gutierrez's, Little Anita's Mexican Food, Inc.'s

---

[2] Lopez contends that, since the first day of a counted time period is excluded, he had until July 7, 2007 to file his suit and, since the 7th fell on a Saturday, his suit was timely filed on Monday, July 9. But, even if the proper way to compute a statute of limitations requiring suit to be filed "within" a number of years is by counting the days during each year, which the Court believes is not correct, 365 days from July 6, not counting July 6, is July 6 of the following year in non-leap-year years, and so on. *Cf. Merriweather v. City of Memphis*, 107 F.3d 396 (6th Cir. 1997) (holding, in case where injury occurred on October 19, 1994 and there was a one-year statute of limitations, that "[i]f one considers October 19, 1994 to be '0,' (*i.e.*, not included in the counting), October 20 to be '1,' and so forth, the 365th day is October 19, 1995. If we view the count as beginning at midnight on the morning of October 20 and count forward 365 days, the period ends at midnight on the morning of the following October 20--requiring [the plaintiff] to file by or at 11:59 p.m. on October 19."). The Court takes judicial notice that 2005, 2006, and 2007 were not leap years.

("Little Anita's), Ray Padilla's, and Ray Padilla & Associates' Motion to Dismiss [Doc. 14] is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Judge Geraldine E. Rivera's Motion to Dismiss [Doc. 15] is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Sheriff Darren White's Motion to Dismiss [Doc. 16] is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff Lopez's two Motions for Extensions of Time to File a Response to the motions to dismiss [Docs. 23, 26] are GRANTED

**IT IS FURTHER ORDERED** that Lopez's Fourteenth-Amendment claims, if any are cognizable, are DISMISSED without prejudice and that the remaining claims are DISMISSED with prejudice.

_____
UNITED STATES DISTRICT JUDGE